N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LEWIS HAWKINS                                                                                      PLAINTIFF

vs.                                            Civil No. 2:13-cv-02149

CAROLYN COLVIN                                                                                   DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Lewis Hawkins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed his applications for benefits on November 29, 2010. (Tr. 155-169). Plaintiff alleges being disabled due to major depression, mental issues and sleeping disorder.  (Tr. 199).  Plaintiff alleges an onset date of January 1, 2008.  (Tr. 14).  These applications were denied initially and again upon reconsideration.  (Tr. 99-107).  Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 110-118).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

1

An administrative hearing was held on October 19, 2011. (Tr. 40-70). At the administrative hearing, Plaintiff was present and was represented by attorney Fred Caddell. *Id.* Plaintiff, his sister-in-law Carol Hawkins, and Vocational Expert ("VE") Montie Lumpkin, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty-five (45) years old and had a limited education. (Tr. 24).

On November 4, 2011, subsequent to the hearing, the ALJ entered an unfavorable decision on Plaintiff's applications. (Tr. 14-25). In this decision, the ALJ determined the Plaintiff met the insured status of the Act through June 30, 2012. (Tr. 16, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 1, 2008. (Tr. 16, Finding 2).

The ALJ determined Plaintiff had severe impairments of major depression, polysubstance abuse v. dependance, in questionable remission, and anti-social personality traits. (Tr. 16, Finding 3). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 17, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 19-24, Finding 5). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC for the full range of work at all exertional levels except he was limited to work involving only simple, routine, and repetitive tasks; simple, work-related decisions, with few, if any, work place changes; and no more than incidental contact with co-workers, supervisors, and the general public. *Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 24, Finding 6). The ALJ

determined Plaintiff was unable to perform his PRW as an exterminator or a shear operator. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 24, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as an industrial cleaner with approximately 9,429 such jobs in Arkansas and 1,060,237 such jobs in the nation, hand packer with approximately 1,517 such jobs in Arkansas and 163,170 such jobs in the nation, and machine packager with approximately 966 such jobs in Arkansas and 43,430 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from January 1, 2008 through the date of the decision. (Tr. 25, Finding 11).

On June 7, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on June 13, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 13, 14. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record and should be reversed and remanded. ECF No. 13, Pgs. 6-12. Specifically, Plaintiff claims the ALJ erred (1) in failing to make a determination regarding Plaintiff's drug and alcohol abuse and (2) in his RFC determination. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 14. Because this Court finds the ALJ erred in his RFC determination and by failing to fully evaluate Plaintiff's Global Assessment of Functioning ("GAF") scores, this Court finds Plaintiff's case must be reversed and remanded.

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)).

In social security cases where a mental impairment is alleged, it is important for an ALJ to evaluate a claimant's Global Assessment of Functioning ("GAF") score in determining whether that claimant is disabled due to the claimed mental impairment. GAF scores range from 0 to 100. Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000). The Eighth Circuit has repeatedly held that GAF scores (especially those at or below 40) must be carefully evaluated when determining a claimant's RFC. *See, e.g., Conklin v. Astrue,* 360

F. App'x. 704, 707 (8th Cir. 2010) (reversing and remanding an ALJ's disability determination in part because the ALJ failed to consider the claimant's GAF scores of 35 and 40); *Pates-Fires v. Astrue,* 564 F.3d 935, 944-45 (8th Cir. 2009) (holding that the ALJ's RFC finding was not supported by substantial evidence in the record as a whole, in part due to the ALJ's failure to discuss or consider numerous GAF scores below 50).

Indeed, a GAF score at or below 40 should be carefully considered because such a low score reflects "a major impairment in several areas such as work, family relations, judgment, or mood." *Conklin,* 360 F. App'x at 707 n.2 Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000)). A GAF score of 40 to 50 also indicates a claimant suffers from severe symptoms. Specifically, a person with that GAF score suffers from "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job)." Am. Psychiatric Ass'n, *Diagnostic & Statistical Manual of Mental Disorders (DSM-IV-TR)* 34 (4th ed., text rev. 2000).

On July 27, 2010, Plaintiff was admitted to The Bridgeway Hospital for depression. (Tr. 313-316). On admission his GAF score was 25. (Tr. 25). Plaintiff was discharged on July 30, 2010 with a diagnosis of major depressive disorder, opiate dependence and marijuana abuse. *Id.* Plaintiff's GAF was 31 on discharge. *Id.* On November 22, 2010, Plaintiff was admitted to Hillcrest Medical Center. (Tr. 306-309). Plaintiff was diagnosed with major depression and substance abuse. (Tr. 306). Plaintiff had an admission GAF score of 30/60. (Tr. 307). Plaintiff was discharged on November 25, 2010 with a GAF score of 50/60. (Tr. 306). Finally, Plaintiff was seen by Dr. Patricia Walz for a Mental Diagnostic Evaluation. (Tr. 429-435). Plaintiff had a GAF score of 45-50.

The ALJ's opinion made reference to Plaintiff's GAF scores but he provided no discussion or analysis other than to say he did not find GAF scores in general as reliable. It was the ALJ's responsibility to properly evaluate those GAF scores and make a finding regarding their reliability as a part of the underlying administrative proceeding. *See Conklin,* 360 F. App'x at 707. Indeed, it is especially important that the ALJ address low GAF scores where, as in this case, Plaintiff has been diagnosed with major depression disorder.

Accordingly, because the ALJ was required to evaluate these scores and provide a reason for discounting the low GAF scores but did not do so, Plaintiff's case must be reversed and remanded for further development of the record on this issue. *See Pates-Fires,* 564 F.3d at 944-45.

**4.   Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, must be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 29th day of August 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE